

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LOUIS ARTHUR CALVIN, | No. 12-56739 |
| Petitioner - Appellant, | D.C. No. 2:10-cv-00948-GW-MRW |
| v. | |
| RON DAVIS, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted April 8, 2016
Pasadena, California

Before: FARRIS, SENTELLE**, and M. SMITH, Circuit Judges.

Louis Arthur Calvin appeals the district court's denial of his petition for a writ

of habeas corpus. Calvin challenges his custody resulting from his conviction in

Santa Barbara Superior Court for voluntary manslaughter, shooting from a motor

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable David Bryan Sentelle, Senior Circuit Judge for the
U.S. Court of Appeals for the District of Columbia Circuit, sitting by designation.

vehicle, and carrying a concealed weapon–all arising from a road rage incident. Calvin appealed his sentence based on a number of alleged errors, including, as relevant here, that under *Cunningham v. California*, 549 U.S. 270 (2007), the trial court violated his Sixth Amendment right to a jury trial when the judge used facts not found by a jury to impose an upper term sentence. *People v. Calvin*, 2d Crim. No. B194933, 2008 WL 3120374, *2, *8-9 (Cal. Ct. App. Aug. 7, 2008). The California Court of Appeal agreed that there was a *Cunningham* error, but concluded that the error was harmless beyond a reasonable doubt. *Id.*; *see Chapman v. California*, 386 U.S. 18, 24 (1967) (holding that a federal constitutional error is harmless only if the reviewing court declares a belief that the error was harmless beyond a reasonable doubt). The district court held that the state appellate court's decision rejecting Calvin's *Cunningham* claim on harmless error grounds "was not contrary to, or an unreasonable application of, federal law." E.R. 101-02.

We review *de novo* the district court's denial of Calvin's habeas petition, *see Henry v. Ryan*, 720 F.3d 1073, 1078 (9th Cir. 2013), and affirm that decision.

 "[A] prisoner who seeks federal habeas corpus relief must satisfy *Brecht* [*v. Abrahamson*, 507 U.S. 619 (1993)]." *Davis v. Ayala*, 135 S. Ct. 2187, 2199 (2015). Under the *Brecht* test, "relief is proper only if the federal court has grave doubt about whether a trial error of federal law had substantial and injurious effect or influence in

2

determining the jury's verdict." *Id.* at 2197-98 (internal quotation marks and citation omitted). In addition, "[t]here must be more than a 'reasonable possibility' that the error was harmful." *Id.* at 2198 (citing *Brecht*, 507 U.S. at 637). Furthermore, in *Harrington v. Richter*, 562 U.S. 86, 99-100 (2011), the Supreme Court held that when a defendant seeks federal habeas from a state sentence, the Antiterrorism and Effective Death Penalty Act (AEDPA), *see* 28 U.S.C. § 2254(d), "does not require a state court to give reasons before its decision can be deemed to have been adjudicated on the merits."

In this case, there is no dispute that the California Court of Appeal decision constituted an adjudication of Calvin's constitutional claims on the merits. Therefore, "the highly deferential AEDPA standard applies." *Ayala*, 135 S. Ct. at 2198.

Under AEDPA, habeas relief may be granted only if the state court's denial of Calvin's claim was either "contrary to, or involved an unreasonable application of clearly established Federal law," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Because the state court adjudicated his claim on the merits, the *Brecht* test includes the limitations imposed by AEDPA. *See Ayala*, 135 S. Ct. at 2199. Accordingly, "we may not overturn the California [Court of Appeal's] decision unless that court applied *Chapman* in an objectively unreasonable manner." *Ayala*,

3

135 S. Ct. at 2198 (internal quotations omitted); *see also id.* at 2199 ("When a *Chapman* decision is reviewed under AEDPA, a federal court may not award habeas relief under § 2254 unless *the harmlessness determination itself* was unreasonable." (internal quotations omitted)). And "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Richter*, 562 U.S. at 101 (internal quotations omitted); *see also Ayala*, 135 S. Ct. at 2199. Thus, Calvin must show that the state court's decision to reject his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103; *see also Ayala*, 135 S. Ct. at 2199.

Calvin, however, cannot show that fairminded jurists could disagree. At the sentencing hearing, the trial court considered "all of the testimony in this case[,]" the probation department's recommendation, the prosecution's sentencing memorandum, defense trial counsel's arguments regarding both a new trial motion and sentencing, and every letter that had been submitted to the court. E.R. 301. The court based its sentencing on the following aggravating factors: (1) "the crime involved great violence, great bodily injury, or other acts disclosing a high degree of cruelty, viciousness, or callousness" as the victim was shot "point blank"; (2) "[t]he crime

4

shows planning, sophistication, or professionalism" as Calvin armed himself with a weapon that had to be manually unfolded and cocked; and (3) "Calvin's violence poses a serious danger to society." *People v. Calvin*, 2008 WL 3120374, at *8-9. Although the state appellate court did not analyze the third aggravating factor, it acknowledged the *Cunningham* error in Calvin's case and properly found that the error was harmless beyond a reasonable doubt. *See id.*

"[A] single aggravating factor is sufficient to authorize imposition of the upper term sentence." *Butler v. Curry*, 528 F.3d 624, 641 (9th Cir. 2008). As the state appellate court explained, "[a] reasonable jury would have found beyond a reasonable doubt that the crimes involved great violence as well as viciousness and callousness even if it also found that [the victim] had initiated the confrontation." *People v. Calvin*, 2008 WL 3120374, at *9. While the victim was outside of Calvin's vehicle, Calvin shot him "from close range while he was in the relative safety of his van." *Id.* Calvin left his vehicle running, poising him for the escape he made "without contacting 911 or otherwise providing assistance" to the victim. *Id.* Given these facts, it is difficult to imagine a jury not making the findings reached by the state trial judge on the same evidence. Thus, the state appellate court decision regarding the aggravating factor of viciousness and callousness was not so lacking in justification as to require habeas relief.

Moreover, the California Court of Appeal committed no constitutional error in reviewing the upper term sentence and concluding that "a reasonable jury would have found beyond a reasonable doubt" that the crimes involved a second aggravating factor–preparation and planning. *People v. Calvin*, 2008 WL 3120374, at \*9. As the court explained, it too was "undisputed that Calvin had armed himself prior to the incident with a handgun that he had concealed in the console of his van, and that the gun could not be discharged without being unfolded and cocked." *Id.* Accordingly, if there is ever a harmless *Cunningham* error, this is it. We therefore affirm the district court's denial of Calvin's habeas petition.

As a final matter, Calvin filed an urgent motion for an order allowing a private telephone call with his counsel. Prior to the motion, Calvin's counsel made multiple requests, all denied, to San Quentin State Prison for such a call. As Calvin can regularly communicate with his attorney via telephone and mail, as well as via in-person visits, the denial of a confidential telephone call does not violate Calvin's constitutional rights. *Cf. Valdez v. Rosenbaum*, 302 F.3d 1039, 1048 (9th Cir. 2002) (upholding restriction on prisoner telephone access where reasonably related to legitimate penological interests). Because Calvin failed to show that officials at San Quentin State Prison have violated any rights, the motion is denied.

6

In summary, the state court's decision concerning the harmlessness of the *Cunningham* constitutional error was not an unreasonable application of clearly established federal law; *Ayala*'s construction of *Brecht* and *Chapman* controls; and the district court did not err in denying Calvin's petition.

**AFFIRMED.**